United States District Court
Eastern District of Michigan
Southern Division

United States of America,

        Plaintiff,

                    Case No. 22-cr-20128

v.

                    Hon. George Caram Steeh

Chozen Hannah,

        Defendant.

_____/

# Plea Agreement

The United States of America and the defendant, Chozen Hannah, have reached a plea agreement under Federal Rule of Criminal Procedure 11. The plea agreement's terms are:

## 1.    Counts of Conviction

The defendant will plead guilty to Counts 1, 2, 3, 5, and 7 of the Indictment. Counts 1, 3, 5, and 7 charge the defendant with Interference with Commerce by Robbery under 18 U.S.C. § 1951(a). Count 2 charges the defendant with Use of a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c).

2.      **Statutory Minimum and Maximum Penalties**

The defendant understands that the counts to which he is

pleading guilty carry the following minimum and maximum statutory

penalties:

| Counts 1, 3, 5, & 7 | Term of imprisonment: | Up to 20 years |
|---|---|---|
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Not more than 3 years |
| Count 2 | Term of imprisonment: | Not less than 7 years' imprisonment and up to life, consecutive to all other counts |
| | Fine: | Up to $250,000 |
| | Term of supervised release: | Not more than 5 years |

The defendant further understands that Count 2 requires a

mandatory minimum sentence of 84 months' imprisonment and that the

Court may not impose a sentence on that count below the mandatory

minimum.

The defendant further understands that his sentence of imprisonment on Count 2 *must* run consecutively to his sentence of imprisonment on any other count of conviction.

**3.     Agreement to Dismiss Remaining Charges**

If the Court accepts this agreement and imposes sentence consistent with its terms, the United States Attorney's Office for the Eastern District of Michigan will move to dismiss any remaining charges in the indictment against the defendant in this case. Specifically, the United States Attorney's Office will move to dismiss Counts 4, 6, and 8, which charge the defendant with Use of a Firearm During and In Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c).

**4.     Elements of Counts of Conviction**

The elements of Counts 1, 3, 5, and 7 are:

1. That the defendant knowingly and willfully obtained property from a store, specifically a 7-11 store (Counts 1 & 5), a Marathon gas station store (Count 3), and an Old West Tobacco store (Count 7);

2. That the defendant did so by means of robbery;

3. That the defendant knew that the employee of the store parted with the property because of the robbery and being in fear for their safety; and

4. That the robbery affected interstate commerce.

The elements of Count 2 are:

1. That the defendant committed the crime of interference with commerce by robbery, as described in Count 1 of the Indictment; and

2. During and in relation to the commission of that crime, Defendant knowingly used and carried a firearm which was brandished during the robbery.

**5.    Factual Basis**

The parties agree that the following facts are true, accurately describe the defendant's role in the offense, and provide a sufficient factual basis for the defendant's guilty plea:

On December 1, 2021, Defendant Chozen Hannah entered a 7-11 store located at 710 Benstein Road in Commerce Township, Michigan. He approached the clerk at the counter and brandished a black handgun at the clerk before placing his backpack on the counter.  The

clerk placed approximately $400 in U.S. currency inside of the defendant's backpack as defendant pointed the handgun at him. After the clerk placed the currency in the defendant's backpack, the defendant left the 7-11 store. The 7-11 store is a multi-state business that conducts business in and affects interstate commerce.

On January 13, 2022, Defendant Chozen Hannah entered a Marathon gas station located at 23645 Ford Road in Dearborn, Michigan. Defendant approached the clerk behind the counter inside the gas station. Defendant brandished a black handgun at that clerk and demanded that the clerk place money in defendant's backpack, pressing the handgun into the clerk's back. The clerk placed a certain amount of U.S. Currency inside defendant's backpack, and defendant grabbed some cigars before leaving the store with his backpack. The Marathon gas station is a multi-state business that conducts business in and affects interstate commerce.

On January 26, 2022, Defendant Chozen Hannah entered the same 7-11 store on Benstein Road in Commerce Township, Michigan. Defendant pointed a black handgun at the clerk inside the store and placed his backpack on the counter, demanding that the clerk place U.S.

currency inside it.  The clerk complied; defendant then took the backpack and left.

On February 1, 2022, Defendant Chozen Hannah entered an Old West Tobacco store at 45029 W. Pontiac Trail in Novi, Michigan. Defendant approached the clerk behind the counter and brandished a black handgun at the clerk.  Defendant placed his backpack on the counter and demanded that the clerk give him cash.  The clerk placed approximately $2000 U.S. currency inside defendant's backpack, and then defendant grabbed several boxes of cigars before fleeing.  The Old West Tobacco store is a business that conducts business and affects interstate commerce.

## 6.    **Advice of Rights**

The defendant has read the Indictment, has discussed the charges and possible defenses with his attorney, and understands the crime charged. The defendant understands that, by pleading guilty, he is waiving many important rights, including the following:

A.    The right to plead not guilty and to persist in that plea;

B.    The right to a speedy and public trial by jury;

C.     The right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial;

D.     The right to be presumed innocent and to require the government to prove the defendant guilty beyond a reasonable doubt at trial;

E.     The right to confront and cross-examine adverse witnesses at trial;

F.     The right to testify or not to testify at trial, whichever the defendant chooses;

G.     If the defendant chooses not to testify at trial, the right to have the jury informed that it may not treat that choice as evidence of guilt;

H.     The right to present evidence or not to present evidence at trial, whichever the defendant chooses; and

I.     The right to compel the attendance of witnesses at trial.

## 7.     Collateral Consequences of Conviction

The defendant understands that his conviction here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his conviction

here may require him to be removed from the United States, denied

citizenship, and denied admission to the United States in the future.

The defendant further understands that the additional consequences of

his conviction here may include, but are not limited to, adverse effects

on the defendant's immigration status, naturalized citizenship, right to

vote, right to carry a firearm, right to serve on a jury, and ability to hold

certain licenses or to be employed in certain fields. The defendant

understands that no one, including the defendant's attorney or the

Court, can predict to a certainty what the additional consequences of

the defendant's conviction might be. The defendant nevertheless affirms

that the defendant chooses to plead guilty regardless of any

immigration or other consequences from his conviction.

## 8.    Defendant's Guideline Range

### A.    Court's Determination

The Court will determine the defendant's guideline range at

sentencing.

### B.    Acceptance of Responsibility

The government recommends under Federal Rule of Criminal

Procedure 11(c)(1)(B) that the defendant receive a two-level reduction

for acceptance of responsibility under USSG § 3E1.1(a) for his guideline calculation on Counts 1, 3, 5, and 7. Further, if the defendant's offense level is 16 or greater and the defendant is awarded the two-level reduction under USSG § 3E1.1(a), the government recommends that the defendant receive an additional one-level reduction for acceptance of responsibility under USSG § 3E1.1(b). If, however, the government learns that the defendant has engaged in any conduct inconsistent with acceptance of responsibility—including, but not limited to, making any false statement to, or withholding information from, his probation officer; obstructing justice in any way; denying his guilt on the offenses to which he is pleading guilty; committing additional crimes after pleading guilty; or otherwise demonstrating a lack of acceptance of responsibility as defined in USSG § 3E1.1—the government will be released from its obligations under this paragraph, will be free to argue that the defendant not receive *any* reduction for acceptance of responsibility under USSG § 3E1.1, and will be free to argue that the defendant receive an enhancement for obstruction of justice under USSG § 3C1.1.

**C.    Other Guideline Recommendations**

The parties also recommend under Federal Rule of Criminal Procedure 11(c)(1)(B) that the following guideline provisions apply to the defendant's guideline calculation on Counts 3, 5, and 7:

- 2B3.1(b)(2)(C) – a firearm was brandished

**D.    Factual Stipulations for Sentencing Purposes**

The parties have no additional factual stipulations for sentencing purposes.

**E.    Parties' Obligations**

Both the defendant and the government agree not to take any position or make any statement that is inconsistent with any of the guideline recommendations or factual stipulations in paragraphs 8.B, 8.C, or 8.D. Neither party is otherwise restricted in what it may argue or present to the Court as to the defendant's guideline calculation.

**F.    Not a Basis to Withdraw**

The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if he disagrees, in any way, with the guideline range determined by the Court, even if that guideline range does not incorporate the parties' recommendations or

factual stipulations in paragraphs 8.B, 8.C, or 8.D. The government likewise has no right to withdraw from this agreement if it disagrees with the guideline range determined by the Court.

## 9.  Imposition of Sentence

### A.  Court's Obligation

The defendant understands that in determining his sentence, the Court must calculate the applicable guideline range at sentencing and must consider that range, any possible departures under the sentencing guidelines, and the sentencing factors listed in 18 U.S.C. § 3553(a), and apply any applicable mandatory minimums.

### B.  Imprisonment

#### 1.  Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the government recommends that the defendant's sentence of imprisonment on Counts 1, 3, 5, and 7 not exceed the bottom of the defendant's guideline range as determined by the Court.

#### 2.  No Right to Withdraw

The government's recommendation in paragraph 9.B.1 is not binding on the Court. The defendant understands that he will have no

right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the government's recommendation. The government likewise has no right to withdraw from this agreement if the Court decides not to follow the government's recommendation. If however, the Court rejects or purports to reject any other term or terms of this plea agreement, the government will be permitted to withdraw from the agreement.

### C.    Supervised Release

#### 1.    Recommendation

Under Federal Rule of Criminal Procedure 11(c)(1)(B), the parties recommend that the Court impose a five-year term of supervised release.

#### 2.    No Right to Withdraw

The parties' recommendation is not binding on the Court. The defendant understands that he will have no right to withdraw from this agreement or withdraw his guilty plea if the Court decides not to follow the parties' recommendation. The defendant also understands that the government's recommendation concerning the length of the defendant's sentence of imprisonment, as described above in paragraph 9.B.1, will

not apply to or limit any term of imprisonment that results from any later revocation of the defendant's supervised release.

### D.    Fines

There is no recommendation or agreement as to a fine.

### E.    Restitution

The Court must order restitution to every identifiable victim of the defendant's offense. There is no recommendation or agreement on restitution. The Court will determine at sentencing who the victims are and the amounts of restitution they are owed.

The defendant agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. 18 U.S.C. §§ 3612(c) and 3613. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

The defendant agrees to make a full presentence disclosure of his financial status to the United States Attorney's Office by completing a

Financial Disclosure Form and the accompanying releases for the purpose of determining his ability to pay restitution. The defendant agrees to complete and return the Financial Disclosure Form within three weeks of receiving it from government counsel. The defendant agrees to participate in a presentencing debtor's examination if requested to do so by government counsel.

### F.    Forfeiture

The defendant agrees to forfeit to the United States all firearms and ammunition involved in or used in the knowing commission of the offense charged in Counts 1, 2, 3, 5, and 7 of the Indictment, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  Specifically, the defendant agrees to forfeit the following property:

- One black Glock .40 caliber model 23 semi-automatic pistol bearing serial number BSDL385 with a magazine containing five live rounds;

- One Glock 23 box with a 10-round magazine;

- One 22 round magazine loaded with seven live rounds;

- One Rossi .38 caliber revolver bearing serial number W109761.

The defendant agrees to the entry of one or more orders of
forfeiture, including the entry of a Preliminary Order of Forfeiture,
incorporating the forfeiture of the above referenced property following
the defendant's guilty plea, upon application by the United States at, or
any time before, his sentencing in this case as mandated by Federal
Rule of Criminal Procedure 32.2. The defendant agrees that the
forfeiture order(s) will become final as to him at the time entered by the
Court.

In entering into this agreement with respect to forfeiture, the
defendant expressly waives his right to have a jury determine the
forfeitability of his interest in the above identified assets as provided by
Federal Rule of Criminal Procedure 32.2(b)(5).

The defendant knowingly, voluntarily, and intelligently waives all
constitutional and statutory challenges to the above-described forfeiture
based upon the Excessive Fines Clause of the Eighth Amendment to the
United States Constitution. The defendant further agrees to hold the
United States, its agents and employees, and any federal and local law
enforcement agency involved with this matter harmless from any claims

whatsoever in connection with the seizure, detention, forfeiture and/or destruction of the property referenced above.

The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J). The defendant further waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### G. Special Assessment

The defendant understands that he will be required to pay a special assessment of $500, due immediately upon sentencing.

### 10. Appeal Waiver

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed top of the guideline range determined by the Court, the defendant also waives any right he may have to appeal his sentence on any grounds.

**11.    Collateral Review Waiver**

The defendant retains the right to raise claims alleging ineffective assistance of counsel or prosecutorial misconduct, as long as the defendant properly raises those claims by collateral review under 28 U.S.C. § 2255. The defendant also retains the right to pursue any relief permitted under 18 U.S.C. § 3582(c), as long as the defendant properly files a motion under that section. The defendant, however, waives any other right he may have to challenge his conviction or sentence by collateral review, including, but not limited to, any right he may have to challenge his conviction or sentence on any grounds under 28 U.S.C. § 2255 (except for properly raised ineffective assistance of counsel or prosecutorial misconduct claims, as described above), 28 U.S.C. § 2241, or Federal Rule of Civil Procedure 59 or 60.

**12.    Consequences of Withdrawal of Guilty Plea or Vacation of Judgment**

If the defendant is allowed to withdraw his guilty plea(s), or if the defendant's conviction or sentence under this agreement is vacated, the government may reinstate any charges against the defendant that were dismissed as part of this agreement and may file additional charges against the defendant relating, directly or indirectly, to any of the

conduct underlying the defendant's guilty plea or any relevant conduct. If the government reinstates any charges or files any additional charges as permitted by this paragraph, the defendant waives his right to challenge those charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

## 13.   Use of Withdrawn Guilty Plea

The defendant agrees that if he is permitted to withdraw his guilty plea for any reason, he waives all of his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement that the defendant made at his guilty plea hearing, and the factual basis set forth in this agreement, against the defendant in any proceeding.

## 14.   Parties to Plea Agreement

This agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

## 15.   Scope of Plea Agreement

This plea agreement is the complete agreement between the parties and supersedes any other promises, representations,

understandings, or agreements between the parties concerning the subject matter of this agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this plea agreement. If the parties have entered, or subsequently enter, into a written proffer or cooperation agreement, though, this plea agreement does not supersede or abrogate the terms of that agreement. This plea agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

## 16. Acceptance of Agreement by Defendant

The government may withdraw from this agreement at any time before the defendant pleads guilty.

Dawn N. Ison
United States Attorney

Brandy R. McMillion
Chief, General Crimes Unit
Assistant United States
Attorney

Diane N. Princ
Assistant United States
Attorney

Dated: 7/25/2022

By signing below, the defendant and his attorney agree that the defendant has read or been read this entire document, has discussed it with his attorney, and has had a full and complete opportunity to confer with his attorney. The defendant further agrees that he understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation.

_____
Jeffrey L. Edison
Attorney for Defendant

_____
Chozen Hannah
Defendant

Dated: 5 Aug 2022

Page **21** of **21**