UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

        Plaintiff,                      Case No. 22-cr-20128
                                          Hon. George Caram Steeh

vs.

Chozen Hannah,

        Defendant.

**Stipulated Preliminary Order of Forfeiture**

Plaintiff, by and through its undersigned attorneys, together with Defendant Chozen Hannah, by and through his attorney, Jeffrey L. Edison, submit this Stipulated Preliminary Order of Forfeiture for immediate entry, and stipulate and agree to the following.

Defendant's counsel affirms that he has discussed this Stipulated Order with Defendant and that Defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

Defendant further acknowledges that he understands that forfeiture of assets is part of the sentence that may be imposed on him in this case and waives his rights to challenge any failure by the Court to advise him of this, under Federal

Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a), or otherwise, at the time his guilty plea was accepted, and his sentence was announced by the Court.

Defendant plead guilty to Counts 1, 2, 3, 5, and 7. Counts 1, 3, 5, and 7 charged Defendant with Interference with Commerce by Robbery under 18 U.S.C. § 1951(a) and Count 2 charged Defendant with Use of a Firearm During and in Relation to a Crime of Violence under 18 U.S.C. § 924(c). (ECF No. 21). Based upon Defendant's guilty plea, the factual basis stated on the record at the plea hearing, this Stipulation, and other information in the record, and pursuant to 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c), **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. Defendant shall forfeit to the United States any and all firearms and ammunition involved in or used in the commission of his violations of 18 U.S.C. § 1951(a) and/or 18 U.S.C. § 924(c), including, but not limited to, the following (hereinafter referred to as the "Subject Property"):

    - One Black Glock semi-automatic pistol bearing serial number BSDL385 and one unloaded magazine;
    - One black case with two magazines and seven rounds of ammunition;
    - One Rossi .38 caliber revolver bearing serial number W109761; and
    - Four rounds of .40 cal ammunition.

2. The Subject Property **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c) for disposition

according to law, and any right, title, and interest of Defendant, and any right, title, and interest that his heirs, successors or assigns have, or may have, in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3.      The Subject Property was involved in Defendant's violation of 18 U.S.C. § 1951(a) and/or 18 U.S.C. § 924(c), as alleged in the Indictment and is therefore subject to forfeiture under 18 U.S.C. § 924(d) together with 28 U.S.C. § 2461(c). The requisite nexus exists between the Subject Property and Defendant's offense of conviction.

4.      Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Stipulated Preliminary Order of Forfeiture shall become final and effective as to Defendant at the time entered by the Court but remains preliminary as to third parties until the ancillary proceedings, if any, are concluded under Rule 32.2(c).

5.      The forfeiture of the Subject Property shall be made part of Defendant's sentence and included in his Judgment.

6.      Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days.  The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.  The aforementioned

notice shall direct that any person, other than Defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property.  Any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

7. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

8. If no third party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall

have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. If a third party files a petition for ancillary hearing for the Subject Property, the Court shall enter an Amended and/or Final Order of Forfeiture that addresses the disposition of the third party petition as provided under Fed. R. Crim. P. 32.2(c)(2).

10. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2.

**IT IS SO ORDERED.**

Dated: January 9, 2022

s/George Caram Steeh
Honorable George Caram Steeh
United States District Court Judge

Approved as to form and substance:

Dawn N. Ison
United States Attorney

S/ Cassandra M. Resposo
Cassandra M. Resposo
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
Telephone: (313) 226-9736
Cassandra.Resposo@usdoj.gov
(IL 6302830)

S/ Jeffrey L. Edison (with consent)
Jeffrey L. Edison
Attorney for Defendant
3434 Russell Street, Suite 104 MI
Detroit, MI 48207
(313) 964-0400
jelee@ix.netcom.com

Dated: January 8, 2023

Dated: January 8, 2023

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*